# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE YOUNG and JOYCETTE GOODWIN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>NEUROBRANDS, LLC, a Delaware limited liability company;<br><br>                Defendant. | Case No. 4:18-cv-05907-JSW<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   June 25, 2021<br>Time:  9:00 a.m.<br>Ctrm:  5<br>Judge: Hon. Jeffrey S. White |

-1-

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
[Proposed] Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement

Plaintiffs Renee Young and Joycette Goodwin ("Plaintiffs"), individually and on behalf of the Class defined below, move this Court for preliminary approval of the proposed settlement in the above-captioned action. This Court has reviewed and considered Plaintiffs' Motion for Preliminary Approval and supporting materials. Now, having fully considered the record and the requirements of law, this Court orders that the Motion for Preliminary Approval is **GRANTED** as set forth below.

**IT IS THIS** 16 **DAY OF** June **, 2021 ORDERED** that the settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**. The Court further preliminarily finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, and venue is proper in this district.

2. The Court's exercise of personal jurisdiction over the Plaintiffs' and Settlement Class Members' claims against Neurobrands comports with the Due Process Clause of the United States Constitution.

3. The Court finds that the Settlement Agreement is the product of arms-length negotiation conducted by experienced legal counsel after extensive discovery and settlement negotiations, including a full-day mediation conducted by the Honorable Jay C. Gandhi (Ret.) of JAMS. The Settlement Agreement is not the result of collusion.

4. The Court finds that the proceedings that occurred before the Parties reached the Settlement Agreement gave counsel and the Parties an opportunity to adequately assess the strengths and weaknesses of their respective positions in this case, and, therefore, to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

5. The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the settlement falls well within the range of reasonableness and has no obvious deficiencies.

6. Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of

its exhibits.

7. The Court previously found that all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) have been satisfied. On October 15, 2020, the Court certified, pursuant to Fed. R. Civ. P. 23(b)(2), a class of all California citizens who made retail purchases of one of the following Products labeled as containing "natural flavors" and "no artificial colors or flavors" in California on or after January 1, 2012 through October 15, 2020, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff:

- NeuroSONIC Superfruit Infusion
- NeuroSONIC Orange Passion;
- NeuroBLISS White Raspberry;
- NeuroBLISS Citrus Berry;
- NeuroBLISS Tropical Lychee;
- Neuro[PROTEIN] Watermelon Min[t];
- NeuroPROTEIN Cherry Vanilla;
- NeuroDAILY Tangerine Citrus; and
- NeuroGASM Passion Fruit.

*See* Dkt. No. 72. The Court finds that all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) have been satisfied with respect to the Settlement Class, which is the same class that the Court certified on October 15, 2020.

8. The Court previously appointed Plaintiffs Renee Young and Joycette Goodwin as Class Representatives and appointed the Law Offices of Ronald A. Marron as Class Counsel. *See id*. The Court confirms the appointment of the Law Offices of Ronald A. Marron, APLC as Class Counsel and Joycette Goodwin and Renee Young as Class Representatives.

9. The Court has reviewed the content of the Parties' proposed Notice Plan and the long-form and short-form notices and finds that they satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), the Northern District of California's Procedural Guidelines for Class Action Settlements, and the requirements of the Due

1 | Process Clause of the United States Constitution. Accordingly, the Court approves the notices.

2 |     10.    The Court further approves the methods for giving notice of the settlement to the members of the Class, as reflected in the Settlement Agreement and proposed in Plaintiffs' Motion for Preliminary Approval. In addition to the Notices, the Court has also reviewed the notice procedures and finds that the members of the Class will, thereby, receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided for in the Settlement Agreement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the Due Process Clause of the United States Constitution.

    11.    The Court further approves the appointment of Kroll Settlement Administration or an equivalent class action administrator identified by the Parties to administer and oversee the Notice Plan.

    12.    The Court directs that pursuant to Federal Rule of Civil Procedure 23(e)(2) a hearing will be held on [ October 8 ], 20 21 , to consider final approval of the settlement (the "Final Approval Hearing") including, but not limited to, the following issues: (a) the fairness, reasonableness, and adequacy of the settlement; (b) Class Counsel's application for an award of attorneys' fees and costs; and (c) approval of incentive awards to the Class Representatives.

    13.    Any member of the Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Final Approval Hearing shall comply with the following procedures:

    a.    To object, a member of the Settlement Class, individually or through counsel, must submit a written objection to the Court. All written objections and supporting papers must (a) clearly identify the case name and number (*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked no later than thirty (30) calendar days prior to the Final

Approval Hearing date.

    b. A written objection filed with the Court regarding or related to the settlement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW" and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the Products, the facts supporting the objection, and the legal grounds on which the objection is based.

    c. If an objecting party chooses to appear at the hearing, that party must file with the Court, at least thirty (30) days before the Final Approval Hearing, a notice of intent to appear and that notice must list the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

14. The deadlines for key events are as follows:

| EVENT | DEADLINE |
| --- | --- |
| Class Action Website Activated | July 1, 2021 |
| Publishing Notice | July 16, 2021 |
| Filing of Motion for Attorneys' Fees and Costs and Incentive Awards | August 4, 2021 |
| Filing an Objection with the Court | September 8, 2021 |
| Filing Notice of Intent to Appear at Final Approval Hearing | September 8, 2021 |
| Filing of Motion for Final Approval | September 17, 2021 |
| Filing of response to Objections | October 1, 2021 |
| Final Approval Hearing | October 8, 2021 at 9:00 a.m. |

15. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned to them in the Settlement Agreement.

16. In the event the settlement does not become effective for any reason, the Parties shall be restored to their respective positions in the Litigation as of the date the Motion for Preliminary Approval was filed.

-4-

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
[P̶R̶O̶P̶O̶S̶E̶D̶] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

17.     Neither this Settlement, nor any act performed or document executed pursuant to or in furtherance of this Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of Defendant; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Any party to this Litigation may file the Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     All activity in the action with respect to Defendant shall be stayed unless and until the Settlement Agreement is terminated pursuant to its terms and conditions.

19.     Upon final approval of the Settlement, the Representative Plaintiffs and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other Person claiming by, through or on behalf of them will release and discharge the Released Persons from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive, or of any other type), penalties, losses, or demands, whether known or unknown, existing, suspecting, or unsuspected, that were or reasonably could have been asserted based on the factual allegations in this Litigation.

20.     Upon final approval of the Settlement, Class Members and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other Person claiming by, through or on behalf of them will release and discharge the Released Persons from any and all claims for injunctive relief, other similar equitable relief, or any relief available under Federal Rule of Civil Procedure 23(b)(2) (which does not include any potential claims for monetary damages of any

kind), whether known or known, existing, suspected, or unsuspected, that were or reasonably could have been asserted based on the factual allegations in this Litigation. The Class Members' released claims expressly do not include any personal injury claims regarding the Products.

21. The Court shall retain continuing jurisdiction over the Parties and the implementation and enforcement of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement Agreement are properly made or taken.

**IT IS SO ORDERED.**

DATED: June 16, 2021, 2021

_____
HON. JEFFREY S. WHITE
United States District Judge