**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
**Class Counsel**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE YOUNG and JOYCETTE GOODWIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEUROBRANDS, LLC, a Delaware limited liability company;<br><br>Defendant. | Case No. 4:18-cv-05907-JSW<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br><br>Date:   October 8, 2021<br>Time:   9:00 a.m.<br>Ctrm:   5<br>Judge:  Hon. Jeffrey S. White |

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  STANDARD OF REVIEW ......................................................................................2

III. PLAINTIFFS ARE ENTITLED TO FEES UNDER GOVERNING CALIFORNIA LAW............2

   A.  The CLRA Requires Fees to Be Awarded to a "Prevailing Plaintiff" ........................3

   B.  The Private Attorney General Statute Separately Entitles a "Successful Party" to Fees............3

   C.  Plaintiffs are "Prevailing" and "Successful" Under the CLRA and Private Attorney General
       Statute ……………………………………………………………………………………………4

   D.  The Settlement Agreement Provides for Attorneys' Fees, Costs, and Incentive Awards............5

IV. THE COURT SHOULD APPLY THE LODESTAR METHOD TO DETERMINE CLASS
    COUNSEL'S REASONABLE FEE ..........................................................................6

V.  CLASS COUNSEL'S RATES AND HOURS EXPENDED ARE FAIR AND REASONABLE ....6

   A.  Class Counsel's Rates Are Reasonable and Have Been Approved by Numerous Courts ...........7

   B.  Class Counsel's Hours Expended are Reasonable ...................................................8

VI. CLASS COUNSEL'S REQUESTED FEE IS REASONABLE ...........................................9

   A.  Class Counsel Achieved an Excellent Result for the Class ........................................9

   B.  The Effort, Skill, and Experience of Class Counsel ................................................10

   C.  Risk of Non-Payment, Preclusion of Other Employment, and Ongoing Work ......................11

   D.  Class Counsel Are Requesting a Modest Multiplier of 1.11......................................12

VII. THE REQUESTED COSTS ARE FAIR AND REASONABLE..........................................13

VIII. THE REQUESTED INCENTIVE AWARDS ARE FAIR AND REASONABLE ....................14

IX. CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Bellinghausen v. Tractor Supply Co.*,
   306 F.R.D. 245 (N.D. Cal. 2015).................................................................................15

*Blum v. Stenson*,
   465 U.S. 886, 895 (1984)..............................................................................................7

*Brazil v. Dell Inc.*,
   2012 WL 1144303 (N.D. Cal. Apr. 4, 2012) ...............................................................4

*Broughton v. Cigna Healthplans*,
   21 Cal. 4th 1066 (1999) ................................................................................................3

*Camancho v. Bridgeport Fin., Inc.*,
   523 F.3d 973, 979 (9th Cir. 2008)................................................................................7

*Cellphone Termination Fee Cases*,
   186 Cal. App. 4th 1380 (June 28, 2010) ....................................................................15

*Champion Produce, Inc. v. Ruby Robinson Co.*,
   342 F.3d 1016 (9th Cir. 2003).......................................................................................2

*Farmers Ins. Exch. v. Sayas*,
   250 F.3d 1234 (9th Cir. 2001).......................................................................................2

*Fitzgerald v. City of Los Angeles*,
   2009 U.S. Dist. LEXIS 34803 (C.D. Cal. Apr. 7, 2009)..............................................4

*Gee v. Temeco, Inc.*,
   615 F.2d 857 (9th Cir. 1980).........................................................................................2

*Glendora Community Redevelopment Agency v. Demeter*,
   155 Cal. App. 3d 465 (1984).......................................................................................12

*Graciano v. Robinson Ford Sales, Inc.*,
   144 Cal. App. 4th 140 (2006)........................................................................................4

*Graham v. DaimlerChrysler Corp.*,
   34 Cal. 4th 553, 565 (2004) ..........................................................................................4

*Greene v. Dillingham Constr. NA., Inc.*,

    101 Cal. App. 4th 418 (2002) ...................................................................................11

*Grodensky v. Artichoke Joe's Casino*,

    171 Cal. App. 4th 1399 (2009) ..................................................................................4

*Harris v. Marhoefer*,

    24 F.3d 16 (9th Cir. 1994) .........................................................................................9

*Hayward v. Ventura Volvo*,

    108 Cal. App. 4th 509 (2003) ....................................................................................3

*Hensley v. Eckerhart*,

    461 U.S. 424 (1983) ............................................................................................5, 6

*Heston v. Taser Int'l., Inc.*,

    431 Fed. Appx. 586 (9th Cir. 2011) ..........................................................................4

*In re 24 Hour Fitness Prepaid Membership Litig.*,

    2018 WL 10560909 (N.D. Cal. June 8, 2018) .........................................................15

*In re Apple Computer, Inc. Derivative Litig.*,

    2008 WL 4820784 (N.D. Cal. Nov. 5, 2008) .............................................................5

*In re Bluetooth Headset Prods. Liab. Litig.*,

    654 F.3d 935 (9th Cir. 2011) .................................................................................2, 5

*In re Equity Funding Corp. Sec. Litig.*,

    438 F. Supp. 1303 (C.D. Cal. 1977) .........................................................................9

*In re Media Vision Tech. Sec. Litig.*,

    913 F. Supp. 1362 (N.D. Cal. 1996) .......................................................................13

*In re Mego Fin. Corp. Sec. Litig.*,

    213 F.3d 454 (9th Cir. 2000) ..................................................................................15

*In re Online DVD-Rental Antitrust Litigation*,

    779 F.3d 934 (9th Cir. Feb. 27, 2015) ....................................................................15

*In re Tobacco II Cases*,

    46 Cal. 4th 298 (2009) ............................................................................................10

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001)...................................................................................4

*Keith v. Volpe*,
   501 F. Supp. 403 (C.D. Cal. 1980) ........................................................................12

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ...............................................................................6, 7, 12

*Kim v. Euromotors West/The Auto Gallery*,
   149 Cal. App. 4th 170 (2007) ..................................................................................3

*Lealao v. Beneficial California, Inc.*,
   82 Cal. App. 4th 19 (2000) ....................................................................................12

*Lindelli v. Town of San Anselmo*,
   139 Cal. App. 4th 1499 (2006 ..................................................................................3

*Littlejohn v. Copland*,
   819 F. App'x 491 (9th Cir. 2020)............................................................................12

*Lobatz v. U.S. W. Cellular of Cal., Inc.*,
   222 F.3d 1142 (9th Cir. 2000)..................................................................................1

*Lyons v. Chinese Hosp. Ass'n*,
   136 Cal. App. 4th 1331 (2006) .................................................................................4

*McGill v. Citibank, N.A.*,
   2 Cal. 5th 945 (2017) .............................................................................................10

*Milano v. Interstate Battery Sys. of Am., Inc.*,
   2012 U.S. Dist. LEXIS 93192 (N.D. Cal. July 5, 2012)...........................................3

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008)..................................................................................3

*Morris v. Affinity Health Plan, Inc.*,
   859 F. Supp. 2d 611 (S.D.N.Y. 2012)....................................................................13

*Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*,
   186 Cal. App. 4th 399 (June 10, 2010) ..................................................................15

*Natural Gas Anti-Trust Cases, I, II, III & IV*,

   2006 WL 5377849 (Cal. Super. Ct. Dec. 11, 2006).................................................................12

*Neary v. Regents of Univ. of Cal.*,

   3 Cal. 4th 273 (1992) ....................................................................................................................5

*Nicholson v. Barab*,

   233 Cal. App. 3d 1671 (1991)........................................................................................................5

*Parkinson v. Hyundai Motor Am.*,

   796 F. Supp. 2d 1160 (C.D. Cal. 2010) .........................................................................................2

*Perdue v. Kenny A.*,

   130 S. Ct. 1662 (2010) ...................................................................................................................6

*PLCM Group Inc. v. Drexler*,

   22 Cal. 4th 1084 (2000) .................................................................................................................8

*Rader* v. *Thrasher*,

   57 Cal. 2d 244 (1962) ...................................................................................................................12

*Riker v. Gibbons*,

   2010 WL 4366012 (D. Nev. Oct. 27, 2010) ................................................................................10

*Rodriguez v. West Publ'g Corp.*,

   563 F.3d 948 (9th Cir. 2009)........................................................................................................14

*San Bernardino Valley Audubon Soc'y v. San Bernardino*,

   155 Cal. App. 3d 738 (1984).........................................................................................................12

*Salton Bay Marina Inc. v. Imperial Irrigation Dist.*,

   172 Cal. App. 3d 914 (1985).........................................................................................................8

*Schwarz v. Sec'y of Health & Human Servs.*,

   73 F.3d 895, 906 (9th Cir. 1995)...................................................................................................7

*Sci. App. Int'l Corp. v. Super. Ct.*,

   39 Cal. App. 4th 1095 (1995) ......................................................................................................13

*Serrano v. Stefan Merli Plastering Co.*,

   52 Cal. 4th 1018 (2011) ["*Stefan*"] ...........................................................................................3, 4

v

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

*Sheppard v. Consol. Edison Co. of N.Y., Inc.*,
   2002 WL 2003206 (E.D. N.Y. Aug. 1, 2002)..................................................................14

*Steiner v. Am. Broad. Co., Inc.*,
   2007 WL 2460326 (9th Cir. Aug. 29, 2007)................................................................12

*Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*,
   460 F.3d 1253 (9th Cir. 2006).....................................................................................8

*Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................14

*Victoria v. Super. Ct.*,
   40 Cal. 3d 734 (1985) ................................................................................................5

*Wershaba v. Apple Computer, Inc.*,
   91 Cal. App. 4th 224 (2001) .................................................................................10, 12

*Woodland Hills Residents Assn., Inc. v. City Council*,
   23 Cal. 3d 917 (1979) ................................................................................................4

*Wren v. RGIS Inventory Specialists*,
   2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ..............................................................15

**Statutes**

28 U.S.C. § 1920 ...............................................................................................................13

Cal. Civ. Code § 1760 .........................................................................................................3

Cal. Civ. Code § 1780(e) .................................................................................................2, 3

Cal. Code Civ. P. § 1021.5...............................................................................................3, 4

Cal. Code Civ. P. § 1033.5.............................................................................................13, 14

**Other Authorities**

Fed. Judicial Ctr., Manual for Complex Litig. (Fourth) 2004 .............................................2

Manual For Complex Litig. (Fourth), § 21.7 ......................................................................6

Manual For Complex Litig. (Fourth), § 14.122 ..................................................................7

Richard Posner, *Economic Analysis of Law* (4th ed. 1992) ..............................................12

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

**Rules**

Fed. R. Civ. P. 23(e)(1)(C) ........................................................................................................2

Fed. R. Civ. P. 23(h) .............................................................................................................1, 2

Fed. R. Civ. P. 54 ...................................................................................................................13

Fed. R. Civ. P. 54(d)(1) ................................................................................................2, 13, 14

Fed. R. Civ. P. 54(d)(2)(C) .......................................................................................................2

Fed. R. Civ. P. 58(a)(3) .............................................................................................................2

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

# I. <u>INTRODUCTION</u>

This Motion comes before the Court pursuant to Federal Rule of Civil Procedure 23(h) and the Order Preliminarily Approving Class Action Settlement entered on June 17, 2021. *See* Dkt. No. 90.  The Court should, respectfully, award attorneys' fees to Class Counsel in the amount of $715,857.80, plus costs in the amount of $34,142.20, and incentive awards to Class Representatives Renee Young and Joycette Goodwin in the amount of $5,000 each for their time and effort in representing the Class. Over the course of the litigation, Class Counsel defeated Defendant's motion to dismiss, succeeded at class certification, and were aggressive in discovery and settlement negotiations. The Settlement reached was an outstanding result for consumers and provides for considerable relief: forcing reformulation of allegedly deceptive Products if feasible or removing alleged deceptive advertising from the marketplace and correcting the packaging and labeling of contested Products to provide consumers with pertinent information.  Accordingly, the Court should award Class Counsel attorneys' fees of $715,857.80, plus costs of $34,142.20, and incentive awards to the Class Representatives in the amount of $5,000 each.

The lodestar analysis applies in this case because there is no common fund.  Class Counsel's time that is attributable to successfully prosecuting this action results in a total lodestar of $646,223.00. Accordingly, Class Counsel are seeking a modest multiplier of 1.11. Class Counsel's fee request of $715,857.80 is reasonable and supported by detailed billing records for time spent investigating, prosecuting, and negotiating this matter plus a very small multiplier of 1.11 to allow for risk and the contingent nature of this case.[1]  Class Counsel have broken down their hours spent by timekeeper and by tasks to assist the Court and the Class in evaluating the reasonableness of the fee request.  *See* Declaration of Ronald A. Marron in Support of Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards ("Marron Decl."), ¶¶ 23-25. Class Counsel also seeks reimbursement of their costs that were reasonably necessary to successfully prosecute this action in the total amount of $34,142.20. Marron Decl., ¶ 25. The Court should also, respectfully, award incentive payments to Class Representatives Renee Young and Joycette Goodwin who initiated this action and assisted with its

---

[1] Counsel need only submit summaries of their hours incurred; submission of billing records are not required. *See Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148-49 (9th Cir. 2000) (the court may rely on summaries of the total number of hours spent by counsel). At the Court's request, Class Counsel can submit itemized time sheets for *in camera* inspection.

1

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

successful prosecution, in the amount of $5,000.00 each. Incentive awards encourage consumers to come forward and represent purchasers in small purchase price class actions such as this.  The awards requested are in line with those awarded in other state and federal courts in California.

## II. STANDARD OF REVIEW

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The fee awarded must be "reasonable." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The decision to award attorneys' fees "is committed to the sound discretion" of the court and should be based on "the unique contours of the case." Manual for Complex Litig., Fourth, § 14.121 (2004). In a class action, the court follows Rule 23(h), and the "fundamental focus is the result actually achieved for class members." *Id.* at § 21.71 (citing Fed. R. Civ. P. 23(h) committee note).  The judgment on attorney's fees and costs must describe the bases for the Court's order, including findings of fact and conclusions of law.  *See id.* § 14.232; Fed. R. Civ. P. 54(d)(2)(C), 58(a)(3) (a separate judgment for fees not required). Notice to the class of a fee motion is required and is ordinarily accomplished in a settlement class by including information about the hearing and motion within the class notice itself.  *See* Fed. R. Civ. P. 23(e)(1)(C).[2] Counsel for the class may also move for costs if they are a prevailing party.  *See* Fed. R. Civ. P. 54(d)(1).

## III. PLAINTIFFS ARE ENTITLED TO FEES UNDER GOVERNING CALIFORNIA LAW

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) (citation omitted).  "The task of a federal court in a diversity action is to approximate state law [regarding attorneys' fee awards] as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Farmers Ins. Exch. v. Sayas*, 250 F.3d 1234, 1236 (9th Cir. 2001) (quoting *Gee v. Temeco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980); *see also Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1169 (C.D. Cal. 2010).

Here, Plaintiffs invoke the fee-shifting provisions of California's CLRA, Cal. Civ. Code §

---

[2] The amount of Class Counsel's requested attorneys' fees, costs, and incentive awards were posted on the Settlement website and in the short and long form notices to the Class, and this fee motion will be posted to the Settlement Website once it is filed. Marron Decl., ¶ 36. To date, there have been no objections to the Settlement or the amount of requested fees, costs, or awards. *Ibid.*

1780(e), and the Private Attorney General Statute, Cal. Code Civ. Proc. § 1021.5, which "are designed to incentivize counsel to pursue consumer interests through publicly beneficial litigation." *Milano v. Interstate Battery Sys. of Am., Inc.*, 2012 U.S. Dist. LEXIS 93192, at *2 (N.D. Cal. July 5, 2012).

### A.   The CLRA Requires Fees to Be Awarded to a "Prevailing Plaintiff"

The CLRA provides the "court *shall award* court costs and attorney's fees to a prevailing Plaintiff in litigation filed pursuant to this section." Cal. Civ. Code § 1780(e) (emphasis added). "The legislative policy to allow prevailing plaintiffs reasonable attorneys' fees is clear. Section 1780 provides remedies for consumers who have been victims of unfair or deceptive business practices. The provision for recovery of attorney's fees allows consumers to pursue remedies in cases . . . where the compensatory damages are relatively modest." *Hayward v. Ventura Volvo*, 108 Cal. App. 4th 509, 512 (2003) (internal citation omitted). This provision is "integral to making the CLRA an effective piece of consumer legislation, increasing the financial feasibility of bringing suits under the statute," *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1086 (1999), and must "be liberally construed and applied to promote [the statute's] underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." *See* Cal. Civ. Code § 1760; *accord Hayward*, 108 Cal. App. 4th at 512-13. A fee award to prevailing Plaintiffs in a CLRA action is thus mandatory, even when resolved before trial. *See Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178-79, 181 (2007).

### B.   The Private Attorney General Statute Separately Entitles a "Successful Party" to Fees

California Code of Civil Procedure "section 1021.5 authorizes an award of attorney fees to a 'private attorney general,' that is, a party who secures a significant benefit for many people by enforcing an important right affecting the public interest." *Serrano v. Stefan Merli Plastering Co.*, 52 Cal. 4th 1018, 1020 (2011). Consistent with the policies underlying the statute, the entitlement belongs to both the litigant and her counsel. *Lindelli v. Town of San Anselmo*, 139 Cal. App. 4th 1499, 1509 (2006); *see also Serrano v. Priest*, 20 Cal. 3d 25, 44 (1977) (purpose of fee-shifting statutes is to "award . . . substantial attorney fees to those public-interest litigants and their attorneys . . . who are successful in such cases" and thereby incentivize "representation of interests of similar character in future litigation"); *accord Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

3

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

"Although the section 'is phrased in permissive terms . . . the discretion to deny fees to a party that meets its terms is quite limited,' and generally requires a full fee award unless special circumstances would render such an award unjust." *Fitzgerald v. City of Los Angeles*, 2009 U.S. Dist. LEXIS 34803, at \*9-10 (C.D. Cal. Apr. 7, 2009) (quoting *Lyons v. Chinese Hosp. Ass'n*, 136 Cal. App. 4th 1331, 1344 (2006)).  Fees are awarded when: (1) the action "has resulted in the enforcement of an important right affecting the public interest," (2) "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons . . .", and (3) "the necessity and financial burden of private enforcement . . . are such as to make the award appropriate . . ." *Stefan*, 52 Cal. 4th at 1026 (quoting Cal. Code Civ. Proc. § 1021.5 and citing *Woodland Hills Residents Assn., Inc. v. City Council*, 23 Cal. 3d 917, 935 (1979)).  "The key question is 'whether the financial burden placed on the party [claiming fees] is out of proportion to its personal stake in the lawsuit.'" *Heston v. Taser Int'l., Inc.*, 431 Fed. Appx. 586, 589 (9th Cir. 2011) (quoting *Lyons v. Chinese Hosp. Ass'n*, 136 Cal. App. 4th 1331, 1352 (2006)).  Here, the Products typically retail under \$5.00 per bottle, so buyers could not possibly have a stake adequate to litigate.  Further, the "elimination of allegedly false representations . . . confer[] a benefit on both the class members and the public at large." *See Brazil v. Dell Inc*., 2012 WL 1144303, at \*1 (N.D. Cal. Apr. 4, 2012). Plaintiffs have acted as true attorney generals and are the successful party.

**C.  Plaintiffs are Prevailing and Successful Under the CLRA and Private Attorney General Statute**

Courts treat the terms "prevailing plaintiff" in the CLRA, and "successful party" in section 1021.5, synonymously, because "[t]he language in the two provisions is not materially different." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). "In order to effectuate" the policy underlying section 1021.5, and consistent with the construction of comparable statutes, the California Supreme Court has "taken a broad, pragmatic view of what constitutes a 'successful party.'" *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 565 (2004). "[A] party need not prevail on every claim to be considered a successful party within the meaning of the statute." *Grodensky v. Artichoke Joe's Casino*, 171 Cal. App. 4th 1399, 1437 (2009) (citation omitted); *see also Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 153 (2006) (As with section 1021.5, "[i]t is settled that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes [under the CLRA] if they succeed on *any significant issue* in litigation which achieves *some of the benefit* the parties sought in bringing the suit." (quotation omitted)).

4

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

Plaintiffs are the prevailing and successful party because the lawsuit "achieved its main litigation objective": requiring Defendant to either reformulate all Products that contain DL-malic acid by removing DL-malic acid as an ingredient or modify its packaging, labeling and advertising for the Products by (1) removing the phrase "or flavors" from the phrase "no artificial colors or flavors" on the Neuro Product packaging and promotional materials, (2) identifying "DL-malic acid" in the ingredient list of the Product packaging and promotional materials, (3) modifying the Neurobrands website to disclose the use of synthetic malic acid, and (4) adding an asterisk or similar reference to the Product labels directing consumers to the statement "*Learn More at [the URL or webpage of the Neurobrands website]" containing the disclosure of synthetic malic acid. *See* Settlement Agreement §§ 4.1-4.3.  This is a substantial benefit for consumers.  Injunctive relief, such as this, that is "'socially beneficial' . . . justif[ies] a fee award under" the CLRA.  *In re Bluetooth*, *supra*, 654 F.3d at 944.

### D. The Settlement Agreement Provides for Attorneys' Fees, Costs, and Incentive Awards

"A request for attorney's fees should not result in a second major litigation. Ideally . . . litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). That is what the parties have done in the Settlement Agreement. Defendant has agreed to pay, subject to Court approval, attorneys' fees and costs in the total amount of $750,000 to Class Counsel and Class Representative incentive awards of $5,000 to each Plaintiff. Agreement § 8.1. Settlements such as these "are highly favored," because they promote efficient resolution of disputes, and interpretation ought to be made in favor of enforcement. *See Neary v. Regents of Univ. of Cal.*, 3 Cal. 4th 273, 277-78 (1992); *Nicholson v. Barab*, 233 Cal. App. 3d 1671, 1683 (1991); *Victoria v. Super. Ct.*, 40 Cal. 3d 734, 753, n.8 (1985).

Where the parties have negotiated an arms' length settlement, "[a] court should refrain from substituting its own value for a properly bargained-for agreement." *In re Apple Computer, Inc. Derivative Litig.*, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008). Here, this Settlement was negotiated with the assistance of a third-party neutral mediator, the Honorable Jay C. Gandhi (Ret.) of JAMS, which consisted of a full-day session and follow up telephonic sessions with Judge Gandhi. *See* Marron Decl., ¶¶ 14-15. Class Counsel only negotiated with Defendant for a fee amount *after* the relief to the Class was settled, and the negotiated fee at the time of Settlement represented their lodestar plus a modest multiplier.  *See id.*, ¶ 22; *see also In re Apple Computer, Inc.*, 2008 WL 4820784, at *3. This estimate still appears

5

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

reasonable as it coincides with Class Counsel's lodestar plus a modest multiplier. *Id.*, ¶ 23. For the reasons discussed further below, the Court should confirm the agreed-upon amount.

## IV. <u>THE COURT SHOULD APPLY THE LODESTAR METHOD TO DETERMINE CLASS COUNSEL'S REASONABLE FEE</u>

Under California law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010) (lodestar method is usually preferable).

"[T]he 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . . where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth*, 654 F.3d at 941; *see also* Manual for Complex Litig., Fourth, § 21.7 at p. 334-35 ("Statutory awards are generally calculated using the lodestar method."). As discussed above, the requested fee is based on statute, and thus the lodestar method applies. *See id.*

## V. <u>CLASS COUNSEL'S RATES AND HOURS EXPENDED ARE FAIR AND REASONABLE</u>

Class Counsel's lodestar of $646,223.00 is summarized in the concurrently filed Marron Declaration. *See* Marron Decl., ¶ 23. This lodestar is based on 1232.1 total hours of work (1,108.3 attorney hours and 123.8 legal assistant/paralegal hours) and is supported by fair and reasonable rates, approved by other Courts, and hours. Class Counsel also estimates spending at least 70 hours on post-application work at a blended rate to monitor Defendant's best efforts in reformulating the Products and/or potential label modifications,[3] brief the final approval motion and supporting documents, respond to any potential objector(s) (although none are presently filed) and appellate work, if necessary.

---

[3] Product reformulation research and development and testing must be completed by January 17, 2022. Settlement Agreement § 4.1.3. By February 17, 2022, Defendant will begin switching to the new formulations or will implement labeling changes (if the Product reformulations are not scientifically or commercially feasible). *Id.*, § 4.1.4 – 4.2.5. Counsel for Defendant has represented that Defendant began reformulation research and development and testing on schedule and does not anticipate any problems completing that work on time. *See* Marron Decl., ¶ 23, n. 1. Class Counsel will continue to engage with counsel for Defendant to monitor progress and compliance with the Settlement Agreement. *Ibid.*

6

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

**A.  Class Counsel's Rates Are Reasonable and Have Been Approved by Numerous Courts**

Courts look to prevailing market rates in the community in which the court sits. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995); *see also Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); Manual for Complex Litig., Fourth, § 14.122 ("The rate should reflect what the attorney would normally command in the relevant marketplace."). Class Counsel's rates are reasonable because they are in line with hourly rates charged by attorneys of comparable experience, reputation, and ability for similar complex consumer protection class action litigation. *See Ketchum*, 24 Cal. 4th at 1133; *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) (to assist the court in calculating the lodestar, Plaintiffs must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation."). Here, Class Counsel attaches as Exhibit 1 to the Marron Declaration the firm's current resume detailing Class Counsel experience is prosecuting class actions. Marron Decl., ¶ 3 & Ex. 1. Additionally, Class Counsel's requested rates and hours are listed in the lodestar charts showing work by timekeeper. *See* Marron Decl., ¶ 23. These rates have been approved by numerous state and federal courts and are in line with the prevailing market rates for attorneys of similar experience, skill, and reputation. *See* Marron Decl., ¶¶ 30-33 & Exs. 2-3. Class Counsel's requested rates are as follows:

| Timekeeper | Position | Rate Requested |
|---|---|---|
| Ronald Marron | Partner | $815.00 |
| Kas Gallucci | Senior Associate | $575.00 |
| Michael Houchin | Associate | $550.00 |
| Lilach Halperin | Associate | $490.00 |
| Tania Babaie | Associate | $440.00 |
| Elisa Pineda | Associate | $440.00 |
| A. Vasquez, A. Cardwell, H. Mora, Z. Taduran, T. Castro | Paralegals/ Legal Assistants | $225.00 |

Class Counsel also seeks compensation for its support staff, such as paralegals and law clerks, which is permitted in this legal community.  "The key . . . is the billing custom in the relevant market. Thus, fees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is the prevailing practice in a given community . . .  Indeed, even purely clerical or secretarial work is compensable if it is customary to bill such work separately . . ." *Trs. of Const. Indus. & Laborers*

7

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards

*Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).  In California, it is customary and reasonable to bill for all non-attorney support staff, even word processors.  *Priest*, 20 Cal. 3d at 35; *Ketchum*, 24 Cal. 4th at 1122; *PLCM Group Inc. v. Drexler*, 22 Cal. 4th 1084 (2000).  In *Salton Bay Marina Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914 (1985), the Court of Appeal stated "necessary support services for attorneys, e.g., secretarial and paralegal services, are includable within an award of attorney fees."  Thus, Class Counsel's staff hours are also compensable.  *See id.*

### B. Class Counsel's Hours Expended are Reasonable

Class Counsel is entitled to be compensated for reasonable time spent at all points in the litigation. Class Counsel expended a total of 1,108.3 attorney hours and 123.8 paralegal/legal assistant hours to date. *See* Marron Decl., ¶ 23.  This includes, among other tasks, time billed for investigating the claims and drafting pleadings; serving and responding to written discovery; document review; noticing and attending depositions; expert work; successfully opposing Defendant's motion to dismiss; drafting a winning class certification brief; preparing a motion for summary judgment, preparing for trial, researching, drafting, and editing a mediation brief; extensive negotiations and settlement discussions, attending a full day mediation; drafting class notices and communications with the notice provider, the settlement agreement, and limited release language; drafting the motion for preliminary approval and its supporting documents; and communications and meetings among the parties and counsel. Marron Decl., ¶¶ 6-15. Class Counsel has summarized the hours spent on each of the tasks in the chart shown below, which were crucial to achieving the settlement on behalf of the Class. Marron Decl., ¶ 24

| Tasks Performed | Hours Billed |
|---|---|
| Case Management | 180.7 |
| Pre-filing Investigation and Drafting Complaint | 31.6 |
| Party Discovery | 209 |
| Third Party Discovery | 186.3 |
| Expert Discovery | 37.2 |
| Motions | 221.1 |
| Stipulations and Joint Motions Regarding Scheduling | 32.3 |
| Mediation/ Settlement Negotiations/ Settlement Agreement Notice Provider Selection and Class Notice | 333.9 |
| **TOTAL:** | **1232.1** |

Class Counsel's lodestar excludes extra hours of expected work, including preparing the final

8

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

approval motion, preparing for the final approval hearing, monitoring Defendant's progress on Product reformulations and labeling modifications, responding to potential objectors, and appellate work (if any), all conservatively estimated at 70 "post-application" hours. Marron Decl., ¶ 23.

## VI. CLASS COUNSEL'S REQUESTED FEE IS REASONABLE

Fee awards in class actions encourage and support compliance with federal and state law. "The guiding principles in determining awards of attorneys' fees should be to provide compensation sufficient to stimulate the motive for representation of classes[.]" *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1325 (C.D. Cal. 1977). When determining a reasonable fee in a class action, the lodestar figure is "presumptively reasonable," *In re Bluetooth*, 654 F.3d at 941; *see also Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (the lodestar "presumptively provides an accurate measure of reasonable fees"). Here, the negotiated fee was based on an estimate of a "presumptively . . . reasonable" lodestar and, in the end, was very close to the actual lodestar. Marron Decl., ¶¶ 23-25.

### A.      Class Counsel Achieved an Excellent Result for the Class

The Settlement represents a successful result for the Class and the general public. Rather than facing additional years of costly and uncertain continuing litigation, Class members are receiving a substantial direct benefit in the form of injunctive relief, which was the exact relief sought by the Plaintiffs on behalf of the injunctive relief class certified by this Court on October 15, 2020. (Dkt. No. 72). Specifically, Defendant has agreed to either reformulate all Products that contain DL-malic acid by removing DL-malic acid as an ingredient or modify its packaging, labeling and advertising for the Products by (1) removing the phrase "or flavors" from the phrase "no artificial colors or flavors" on the Neuro Product packaging and promotional materials, (2) identifying "DL-malic acid" in the ingredient list of the Product packaging and promotional materials, (3) modifying the Neurobrands website to disclose the use of synthetic malic acid, and (4) adding an asterisk or similar reference to the Product labels directing consumers to the statement "*Learn More at [the URL or webpage of the Neurobrands website]" containing the disclosure of synthetic malic acid. *See* Settlement Agreement §§ 4.1-4.3. Further, this process is being overseen by Class Counsel.

The value of this substantive and widespread change to Defendant's practices cannot be overstated. These product reformulations and/or labelling changes achieve the goals of this lawsuit –

removing deceptive advertising from the marketplace and providing more relevant information to Neurobrands consumers. *See Riker v. Gibbons*, No. 3:08-cv-00115-LRH-VPC, 2010 WL 4366012, at *4 (D. Nev. Oct. 27, 2010) (approving a settlement for injunctive and declaratory relief, finding that it "achieve[d] the goals of the lawsuit"); *see also Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 250 (2001). These product reformulations and/or label changes will address the harm allegedly caused to the Class and provides Plaintiffs and the Class with invaluable relief going forward. [4]

The Settlement removes the deceptive advertising from the marketplace, which was an overwhelmingly positive result for the class. Indeed, the primary form of relief under the UCL and FAL is injunctive in nature. *See* Cal. Bus. & Prof. Code §§ 17200, 17500. The harm that these statutes seek to redress is false or deceptive advertising in the marketplace. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009); *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 954 (2017). The Settlement Agreement accomplishes this goal. Agreement at §§ 4.1-4.3. Therefore, Class Counsel achieved a successful result through this settlement. Further, the release in the Settlement Agreement is narrowly tailored to only include injunctive relief. Class members maintain their right to sue for damages as the Settlement does not waive monetary damages or personal injury damages. Agreement at § 6.2.

### B.      The Effort, Skill, and Experience of Class Counsel

This was not a simple case. The quality of Class Counsel's legal work conferred a substantial benefit on the Settlement Class in the face of significant litigation obstacles. Based on the discovery obtained and the motion practice during the action, if Plaintiffs would have rejected the Settlement and continued to litigate this action, the Parties would have proceeded to trial and there would have been a significant risk that no injunctive relief would have been obtained. While acknowledging the strengths and weakness of the parties' respective positions, the Settlement has reached a difficult but fair accord.

In any given case, the skill of legal counsel should be commensurate with the novelty and complexity of the issues. Class Counsel has extensive experience handling complex consumer class

---

[4] Social media and print notice was published on July 16, 2021 in accordance with the Settlement Agreement. Marron Decl., ¶ 37. To date, there have been no objections to the Settlement, which demonstrates a positive response to the Settlement. *Ibid.* CAFA notice was also sent on May 27, 2021. *See* Dkt. No. 89. Class Counsel has not received any inquiries from any federal or state official in response to the CAFA Notice. Marron Decl., ¶ 37.

actions. Marron Decl., ¶¶ 2-4 & Ex. 1. Class Counsel has already devoted 1232.1 attorney and staff hours, plus costs, to litigating and settling the claims against Defendant, and are committed to overseeing the Settlement and this litigation through to its successful conclusion. *See id.*, ¶ 23. Litigation of this action required counsel trained in class action law and procedure as well as the acquisition and analysis of a significant amount of factual and legal information. Class Counsel possess these attributes, and their participation added value to the representation of the Class. The record demonstrates that the action involved complex and novel challenges which Class Counsel met at every juncture.

### C.  Risk of Non-Payment, Preclusion of Other Employment, and Ongoing Work

This case posed significant risk for failure to prevail on any of the claims at trial.  Here, the settlement negotiations were hard-fought, requiring a full-day mediation session, with both Parties and their counsel thoroughly familiar with the applicable facts, legal theories, and defenses on both sides. *See* Marron Decl., ¶¶ 12, 14-15. Plaintiffs' counsel was aware of the attendant strengths, risks, and uncertainties of Plaintiffs' claims and Defendant's defenses during the course of negotiations. *See* Marron Decl., ¶ 18. Plaintiffs' counsel agreed to settle the action pursuant to the provisions of the Settlement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the Class under the terms of the Settlement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (iv) the attendant risks, difficulties and delays inherent in litigation, especially in complex actions such as this; and (v) the desirability of consummating this Settlement promptly in order to provide substantive relief to Plaintiffs and the Class without unnecessary delay and expense.  *See* Marron Decl., ¶ 19.

Devoting 1232.1 attorney and staff hours and costs to this action necessarily precluded Class Counsel from taking on other employment.  *See* Marron Decl., ¶ 23. And, there was significant risk that Class Counsel, despite committing these resources, would not have received any compensation for its services. *See* Marron Decl., ¶ 25. Class Counsel's ability to collect compensation was entirely contingent upon it prevailing. When attorneys undertake litigation on a contingent basis, a fee that is limited to the hourly fee that would have been paid by a fee-paying client, win or lose, is not a reasonable fee by market standards. *Greene v. Dillingham Constr. NA., Inc.*, 101 Cal. App. 4th 418, 428-29 (2002).

> A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the

11

1
2

loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.

3

*Ketchum*, 24 Cal. 4th at 1132-1133 (quoting Hon. Richard Posner's *Economic Analysis of Law* (4th ed.

4

1992)); *Rader v. Thrasher*, 57 Cal. 2d 244, 253 (1962). From the outset of litigation, Class Counsel

5

litigated this matter on a contingent basis and placed their own resources at risk to do so. *See* Marron

6

Decl., ¶ 25. The contingent nature of this case supports the lodestar requested, plus a modest multiplier.

7

    **D.**    **Class Counsel Are Requesting a Modest Multiplier of 1.11**

8

        Class Counsel asks for a nominal multiplier of 1.11. Marron Decl., ¶ 26. In determining an

9

appropriate multiplier, courts consider "a host of 'reasonableness' factors, 'including quality of

10

representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and

11

the risk of nonpayment.'" *In re Bluetooth*, 654 F.3d at 941-942 (quoting *Hanlon*, 150 F.3d at 1029). The

12

purpose of using the lodestar/multiplier method is to mirror the legal marketplace: counsel will not handle

13

cases on straight hourly fees that are payable only if they win, so an enhancement helps determine a fee

14

that is commensurate with what attorneys could expect to be compensated for similar services under these

15

circumstances. *See San Bernardino Valley Audubon Soc'y v. San Bernardino*, 155 Cal. App. 3d 738, 755

16

(1984) (award must be large enough "to entice competent counsel to undertake difficult public interest

17

cases"); *Lealao v. Beneficial California, Inc.,* 82 Cal. App. 4th 19, 50 (2000) (adjusted lodestar should

18

not be significantly different from the percentage fee freely negotiated in comparable litigation).

19

        "Multipliers can range from 2 to 4, or even higher." *Wershba*, 91 Cal. App. 4th at 255. The court

20

in *Glendora Community Redevelopment Agency v. Demeter*, 155 Cal. App. 3d 465, 479 (1984) approved

21

a multiplier of 12. *See also Natural Gas Anti-Trust Cases*, *I, II, III & IV*, Case Nos. 4221, 4224, 4226,

22

4228, 2006 WL 5377849, at *4 (Cal. Super. Ct. Dec. 11, 2006) ("This Court and numerous cases have

23

applied multipliers of between 4 and 12 to counsel's lodestar in awarding fees."); *Littlejohn v. Copland*,

24

819 F. App'x 491, 493 (9th Cir. 2020) (affirming multiplier of 1.489 in injunctive relief settlement where

25

defendant was required to remove a "no artificial flavors" labeling claim from the products).[5]

26

        Here, Class Counsel requests a total fee award of $715,857.80, which represents the lodestar of

27
28

---

[5] *See also Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002) (multiplier of 3.65); *Steiner v. Am. Broad. Co., Inc.*, Case No. 05-55773, 2007 WL 2460326, at *2 (9th Cir. Aug. 29, 2007) (multiplier of 6.85); *Keith v. Volpe*, 501 F. Supp. 403, 414 (C.D. Cal. 1980) (multiplier of 3.5).

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

$646,223.00 plus nominal multiplier of 1.11. Marron Decl., ¶¶ 23-26.  This is justified in light of the factors at issue, and within the range of those approved in other cases.  *See* Marron Decl., ¶¶ 30-33.[6]  In light of the reformulation and/or relabeling results obtained, the efficiency with which the case was litigated, the experience and reputation of counsel, the risks associated with litigating this action, the complexity and novelty of the issues presented, the substantial benefit to the class achieved, and the work still to be performed on settlement administration, potential appeals, and monitoring Defendant's progress on product reformulations and/or labeling changes, the Court should find that Class Counsel's request for a 1.11 multiplier is fair and reasonable.

## VII. THE REQUESTED COSTS ARE FAIR AND REASONABLE

Under California Code of Civil Procedure §§ 1033.5 (a)(1), (3), (4), and (7), the Court must award costs for court fees; deposition costs for transcribing, recording and travel; service of process fees; and witness fees. In addition, § 1033.5(c) provides discretion to award reimbursement of other costs if they are "reasonably necessary to the conduct of the litigation, rather than merely convenient or beneficial to its preparation." *Parkinson*, 796 F. Supp. 2d at 1176 (quoting *Sci. App. Int'l Corp. v. Super. Ct.*, 39 Cal. App. 4th 1095, 1103 (1995)). In addition to California law, "[t]he reimbursement of taxable expenses in federal litigation is governed by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1365-66 (N.D. Cal. 1996).  Rule 54(d) "entitles prevailing parties to collect taxable costs." *Id.*; *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D. N.Y. 2012) (noting that courts universally accept that "telephone charges, postage, transportation, working meals, photocopies, and electronic research, are reasonable and were incidental and necessary to the representation of the Class"); Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

Class Counsel has incurred $34,142.20 in costs reasonably necessary to conduct this litigation. *See* Marron Decl., ¶ 25, Table 3. All of Class Counsel's expenses were reasonable and necessary for the successful prosecution of this case. Accordingly, the Court should grant Class Counsel's request for

---

[6] Including 70 extra hours of "post-application" work to Class Counsel's lodestar calculated at a blended rate of $505 (to monitor Defendant's best efforts in Product reformulations (set to be completed by January 17, 2022), potentially insuring Product relabeling should Defendant's reformulation efforts fail, drafting the final approval motion, and responding to objectors and appellate work (if any)), would reduce the multiplier to 1.05.

13

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

$34,142.20 in costs. *See* Cal. Civ. Proc. Code § 1033.5; Fed. R. Civ. P. 54(d). The costs incurred by Class Counsel are summarized in the chart shown below:

| Description | Amount |
|---|---|
| Court Filing | $400.00 |
| Process Servers/Subpoena Fees | $532.00 |
| Mediation | $12,450.00 |
| Postage/Deliveries/Shipping | $172.26 |
| Expert Witness Fees | $5,440.00 |
| Court Reporters and Deposition Transcripts | $8,991.76 |
| Travel Expenses | $5,554.44 |
| Research | $261.74 |
| Calendaring Software | $340.00 |
| **TOTAL** | **$34,142.20** |

These costs are entirely reasonable given the number of depositions that have occurred, the amount of discovery that has taken place, and other expenses associated with litigating this action successfully on behalf of the Class.

## VIII. THE REQUESTED INCENTIVE AWARDS ARE FAIR AND REASONABLE

Plaintiffs respectfully request that the Court approve incentive awards in the amount of $5,000 for each Plaintiff for their efforts as Class Representatives. Incentive awards "are fairly typical in class action cases," *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009), and "serve an important function in promoting class action settlements," *Sheppard v. Consol. Edison Co. of N.Y., Inc.*, No. 94-CV-0403(JG), 2002 WL 2003206, at *5 (E.D. N.Y. Aug. 1, 2002). In general, an incentive award is designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. Courts may consider the following criteria in determining whether to provide incentive awards: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Ultimately, the decision to approve such an award is a matter within the Court's

14

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

discretion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).

An incentive award in the amount of $5,000.00 is presumptively reasonable. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) ("a $5,000 payment is presumptively reasonable"); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *36 (N.D. Cal. Apr. 1, 2011) ("there is ample case law finding $5,000 to be a reasonable amount for an incentive payment."); *see also Cellphone Termination Fee Cases*, 186 Cal. App. 4th 1380 (June 28, 2010) ($10,000 incentive award to each class representative); *Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 186 Cal. App. 4th 399 (June 10, 2010) ($5,000 award); *In re 24 Hour Fitness Prepaid Membership Litig.*, No. 16-CV-01668-JSW, 2018 WL 10560909, at *5 (N.D. Cal. June 8, 2018) (approving award of $3,000.00 for each Class Representative, noting "the amount requested is 'relatively small, [and] well within the usual norms of modest compensation paid to class representatives for services performed in the class action.'") (citing *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 942-43 (9th Cir. Feb. 27, 2015) (approving award of $5,000 to each of nine class representatives)).

Plaintiffs provided substantial assistance that enabled Class Counsel to successfully prosecute the action including reviewing material filings; responding to written discovery; attending deposition; continuous communications with Class Counsel throughout the litigation including being on stand-by during mediation; reviewing and approving the Settlement Agreement; and being committed to secure substantive relief on behalf of the Class. Marron Decl., ¶ 34; *see also* Dkt. No. 88-5 (Young Decl., ¶¶ 3-10); Dkt. No. 88-6 (Goodwin Decl., ¶¶ 3-10). Plaintiffs were also prepared to be available for trial, if necessary. In so doing, Plaintiffs were integral to forming the theory of the case and litigating it through settlement. Marron Decl., ¶ 34. The incentive awards are justified when taking into account the additional time, effort, and risk the Plaintiffs contributed to vindicate the rights of the Class. Marron Decl., ¶ 35. Accordingly, the Court should award each Plaintiff $5,000.00 as an incentive award consistent with the terms of the Settlement Agreement. Agreement at § 8.1.

## IX. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Attorneys' Fees, Costs, and Incentive Awards in the amount of $715,857.80, plus costs in the amount of $34,142.20, and $5,000.00 as incentive awards to each Plaintiff for their efforts in prosecuting this action.

15

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1

2   Date: August 4, 2021                    By: */s/ Ronald A. Marron*
                                            Ronald A. Marron
3

4                                           **LAW OFFICES OF RONALD A. MARRON**
                                            RONALD A. MARRON
5                                           MICHAEL HOUCHIN
                                            LILACH HALPERIN
6                                           651 Arroyo Drive
                                            San Diego, California 92103
7                                           Telephone: (619) 696-9006
                                            Facsimile: (619) 564-6665
8                                           ***Class Counsel***
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS