1

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
2
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
3
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
4
*lilach@consumersadvocates.com*
5
651 Arroyo Drive
San Diego, California 92103
6
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
7
***Class Counsel***

8

9
**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11
RENEE YOUNG and JOYCETTE GOODWIN, | Case No. 4:18-cv-05907-JSW
individually and on behalf of all others similarly
12
situated, | CLASS ACTION

13
Plaintiffs, | **DECLARATION OF RONALD A.**
**MARRON IN SUPPORT OF**
14
v. | **PLAINTIFFS' MOTION FOR**
**ATTORNEYS' FEES, COSTS, AND**
15
| **INCENTIVE AWARDS**
NEUROBRANDS, LLC, a Delaware limited
16
liability company;

17
Defendant. | Date:   October 8, 2021
18
Time:   9:00 a.m.
Ctrm:   5
19
Judge:   Hon. Jeffrey S. White

20

21

22

23

24

25

26

27

28

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

I, Ronald A. Marron, declare:

1.      I am counsel of record for Plaintiffs Renee Young and Joycette Goodwin ("Plaintiffs") and the class in this action.  I am a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern and Southern Districts of California, as well as the Ninth Circuit Court of Appeals and the United States Supreme Court. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards ("Fee Motion"). I make this Declaration based on personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

2.      My firm, the Law Offices of Ronald A. Marron, APLC, currently employs six full-time attorneys and support staff.  My firm has an in-depth knowledge of litigating food, drug, and dietary supplement cases. The attorneys at my firm have years of experience litigating class action cases, and are well-versed, in particular, in the respective merits and risks of consumer class action cases, and are experts, in particular, in the respective merits and risks of consumer class action regarding the product advertising at issue in this case.

3.      I have practiced civil litigation for over 25 years.  My work experience and education began in 1984 when I enlisted in the United States Marine Corps (Active Duty 1984-1988, Reserves 1988-1990) and thereafter received my Bachelor of Science in Finance from the University of Southern California (1991). While attending Southwestern University School of Law (1992-1994), I also studied Biology and Chemistry at the University of Southern California and interned at the California Department of Corporations with emphasis in consumer complaints and fraud investigations. I was admitted to the State Bar of California in January of 1995 and have been a member in good standing since that time. In 1996, I started my own law firm with an emphasis in consumer fraud. A copy of my firm's current resume is attached hereto as **Exhibit 1**.

4.      Over the years I have acquired extensive experience in class actions and other complex litigation and have obtained large settlements as lead counsel. In the recent years, I have devoted much of my practice to the area of consumer fraud, including false and misleading labeling of food, nutrition, and over-the-counter ("OTC") drug products and cosmetics.

5.     Prosecuting and settling these claims demanded considerable time and labor, making Class Counsel's fee request reasonable. The organization of Class Counsel ensured that the work was coordinated to maximize efficiency and minimize duplication of effort.

6.     Class Counsel devoted substantial time to investigating the claims against Defendant. Class Counsel also expended resources researching and developing the legal claims at issue.

7.     Plaintiffs filed this class action on September 26, 2018 against Neurobrands, LLC regarding allegedly deceptive advertising of the Neurobrands beverage products. (Dkt. No. 1). On December 17, 2018, Plaintiffs filed a First Amended Complaint bringing claims for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and causes of action for fraud by omission, negligent misrepresentation, and breach of express and implied warranties. (Dkt. No. 18). On January 28, 2019 Plaintiffs filed a successful opposition to Defendant Neurobrands, LLC's Motion to Dismiss Plaintiff's First Amended Complaint. *See* Dkt. Nos. 33, 37.

8.     The Parties engaged in substantial discovery. On February 22, 2019, Plaintiffs served requests for production of documents and interrogatory requests on Defendant. Plaintiffs also propounded requests for admissions on October 8, 2019, and a second set of requests for production of documents on February 11, 2020. Defendant produced, and Plaintiffs reviewed, several hundreds of documents in response to Plaintiffs' document requests. Plaintiffs also served requests for admissions to authenticate documents produced by Defendant during discovery on March 2, 2021 in preparation for trial.

9.     On August 29, 2019, Plaintiffs' counsel took the deposition of Defendant's Chief Science & Regulatory Officer and 30(b)(6) witness, Christopher Noonan. On November 19, 2019, Plaintiffs' counsel took the deposition of Defendant's Director of Operations, Reza Mazloumi. On October 22, 2019, Plaintiffs' counsel took the deposition of Adirondack Beverages Co.'s person most knowledgeable, Erina Jess. Plaintiffs' counsel also subpoenaed, received, and reviewed

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1    several hundred documents from Defendant's co-packers Adirondack Beverages Co. and Unix

2    Packaging, Inc.

3        10.    On July 26, 2019, Defendant served requests for production of documents and

4    interrogatory requests on each Plaintiff. Defendant took the deposition of Plaintiff Joycette

5    Goodwin on September 24, 2019, and the deposition of Renee Young on September 27, 2019.

6        11.    The Parties each consulted with and retained experts regarding dl-malic acid and

7    the function of this ingredient in the Products. Plaintiffs disclosed the expert report of Dr. Laszlo

8    D. Somogyi on January 17, 2020, and Defendant disclosed the rebuttal expert report of Dr.

9    Lawrence Hawley on March 5, 2020. Both Parties served deposition subpoenas on the other party's

10   expert, though neither deposition ultimately took place in light of the Settlement.

11       12.    Through the discovery process, Class Counsel obtained sufficient information and

12   documents to evaluate the strengths and weaknesses of the case.

13       13.    On October 4, 2019, Plaintiffs filed a motion for class certification seeking Rule

14   23(b)(2) certification, which the Court granted in part and denied in part on October 15, 2020. *See*

15   Dkt. Nos. 43, 72.

16       14.    Following the Court's Order regarding Class Certification, the Parties scheduled a

17   full day mediation session before the Honorable Judge Jay C. Gandhi (Ret.) of JAMS. Before the

18   mediation, the Parties exchanged detailed mediation briefs setting forth their respective positions.

19   Because of this mutual exchange of arguments and information and due to the extensive discovery

20   already performed in the case, the Parties were fully prepared and informed to participate in the

21   mediation.

22       15.    On February 2, 2021, the Parties attended their full-day mediation session before

23   Judge Gandhi, where they agreed in principle to certain terms of an injunctive relief class action

24   settlement. Following the first mediation session, the Parties participated in further telephonic

25   sessions with Judge Gandhi and engaged in extensive negotiations to finalize the text of the

26   Settlement Agreement themselves, as well as a notice plan and proposed order for the Court. Over

27   the course of several months following the mediation, the Parties diligently negotiated and drafted

28   a formal Settlement Agreement.

1    16.    Each of the above-described efforts was essential to achieving the Settlement before

2    the Court.

3    17.    The Settlement Agreement is the product of vigorous, adversarial, and competent

4    representation of the Parties and substantive negotiations throughout the pendency of this

5    litigation. Plaintiffs' counsel exercised due diligence to confirm the adequacy, reasonableness, and

6    fairness of the settlement, both before and after mediation. Plaintiffs' counsel also conducted a

7    detailed and comprehensive review of the FDA's labeling regulations and their applicability to the

8    Products' labeling claims at issue here and the California Sherman Food, Drug and Cosmetic Law

9    (Cal. Health & Safety Code §§ 109875, *et seq.*, "Sherman Law").

10    18.    Plaintiffs' counsel was aware of the attendant strengths, risks, and uncertainties of

11    Plaintiffs' claims and Defendant's defenses during the course of negotiations.

12    19.    Plaintiffs' counsel agreed to settle the action pursuant to the provisions of the

13    Settlement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the

14    Class under the terms of the Settlement; (ii) the uncertainty of being able to prevail at trial; (iii)

15    the uncertainty relating to Defendant's defenses and the expense of additional motion practice in

16    connection therewith; (iv) the attendant risks, difficulties and delays inherent in litigation,

17    especially in complex actions such as this; and (v) the desirability of consummating this Settlement

18    promptly in order to provide substantive relief to Plaintiffs and the Class without unnecessary

19    delay and expense.

20    20.    Based on my experience, the Settlement provides exceptional results for the class

21    while sparing the class from the uncertainties of continued and protracted litigation.

22    21.    In undertaking to prosecute this case on a contingent fee basis, Class Counsel

23    assumed a significant risk of nonpayment or underpayment. Despite Class Counsel's effort in

24    litigating this action, Class Counsel remains completely uncompensated for the time invested in

25    the action, in addition to the substantial expenses that were advanced.

26    22.    After the parties had reached an agreement on injunctive relief for the Class, Class

27    Counsel negotiated with Defendant for a fee amount that, at the time, Class Counsel estimated

28    would approximate their lodestar plus a small multiplier.

-4-

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

23.     The total lodestar for the Marron Firm is $646,223.00. This lodestar is based on 1232.1 total hours of work (1,108.3 attorney hours and 123.8 legal assistant/paralegal hours). This amount does not include an estimated 70 hours of post-application work at a blended rate of $505 per hour to account for time that was expended drafting Plaintiffs' fee motion and that will be expended responding to objectors, drafting the final approval motion and supporting documents, attending and preparing for the final approval hearing, monitoring Defendant's progress on Product reformulations and/or labeling changes,[1] and any appellate work, if necessary. My firm bases its rates upon the experience and skill of the attorney or paralegal performing the work. Table 1 below reflects the reasonable hourly rates for work at my firm on this matter as well as the number of reasonable hours worked:

**TABLE 1**

| Timekeeper | Position | Rate Requested | Total Hours | Total Amount |
|---|---|---|---|---|
| Ronald Marron | Partner | $815.00 | 165.5 | $137,802.50 |
| Kas Gallucci | Senior Associate | $575.00 | 81.9 | $47,092.50 |
| Michael Houchin | Senior Associate | $550.00 | 212.2 | $116,710.00 |
| Lilach Halperin | Associate | $490.00 | 626.7 | $307,083.00 |
| Tania Babaie | Associate | $440.00 | 15.9 | $6,996.00 |
| Elisa Pineda | Associate | $440.00 | 6.1 | $2,684.00 |
| A. Vasquez, A. Cardwell, H. Mora, Z. Taduran, T. Castro | Paralegals/ Legal Assistants | $225.00 | 123.8 | $27,855.00 |
| | | | **TOTAL:** | **$646,223.00** |

24.     A summarization of categories for hours expended by Class Counsel is summarized in Table 2 below:

---

[1] Counsel for Defendant has represented that Defendant began reformulation research and development and testing on schedule and does not anticipate any problems completing that work on time. Class Counsel will continue to engage with counsel for Defendant to monitor progress and compliance with the Settlement Agreement.

-5-

**TABLE 2**

| Tasks Performed | Hours Billed |
|---|---|
| Case Management | 180.7 |
| Pre-filing Investigation and Drafting Complaint | 31.6 |
| Party Discovery | 209 |
| Third Party Discovery | 186.3 |
| Expert Discovery | 37.2 |
| Motions | 221.1 |
| Stipulations and Joint Motions Regarding Scheduling | 32.3 |
| Settlement Negotiations/ Settlement Agreement | 333.9 |
| **TOTAL** | **1232.1** |

25.     My firm also incurred $34,142.20 in costs that were reasonably necessary for the successful prosecution of this action, knowing that if our efforts were unsuccessful, we would not receive payment or other reimbursement for either our work or expenses. The costs incurred by my firm are summarized in Table 3 below:

**TABLE 3**

| Description | Amount |
|---|---|
| Court Filing | $400.00 |
| Process Servers/Subpoena Fees | $532.00 |
| Mediation | $12,450.00 |
| Postage/Deliveries/Shipping | $172.26 |
| Expert Witness Fees | $5,440.00 |
| Court Reporters and Deposition Transcripts | $8,991.76 |
| Travel Expenses | $5,554.44 |
| Research | $261.74 |
| Calendaring Software | $340.00 |
| **TOTAL** | **$34,142.20** |

26.     Pursuant to the terms of the Settlement Agreement, Plaintiffs will petition the Court for attorneys' fees and costs in a total amount not to exceed $750,000.00, an incentive award to Plaintiff Renee Young not to exceed $5,000.00, and an incentive award to Plaintiff Joycette Goodwin not to exceed $5,000,00 (Settlement Agreement at § 8.1, Dkt. No. 88-3). Because the reasonably incurred expenses in this action total $34,142.20, the total fee request that Class Counsel is seeking totals $715,857.80 ($750,000.00 for attorneys' fees and costs - $34,142.20 in

-6-

1  expenses = $715,857.80 in requested fees). Class Counsel's requested fee in the amount of

2  $715,857.80 results in a multiplier of 1.11 from Class Counsel's total lodestar of $646,223.00.

3       27.    My firm's practice is to keep contemporaneous records for each timekeeper and to

4  regularly record time records in the normal course of business. My firm kept time records in this

5  case consistent with that practice.  Moreover, my firm's practice is to bill in 6-minute (tenth-of-

6  an-hour) increments.

7       28.    My firm's detailed billing records are voluminous and contain information that is

8  protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.

9  However, my firm will make its detailed billing records available to the Court for *in camera* review

10 upon the Court's request.

11      29.    Prior to finalizing my firm's lodestar, we carefully reviewed our hours and made

12 cuts for time entry errors, duplications, and instances where we determined the hours should be

13 reduced or not billed.

14      30.    My firm's requested rates are consistent with the prevailing rates for attorneys and

15 support staff of similar experience, skill, and reputation. For example, survey data confirms the

16 reasonableness of such rates. A 2014 survey by the National Law Journal (NLJ) shows rates of

17 firms in Los Angeles for $310-$975 for partners and $255-$750 for associates. As this evidence

18 shows, my firm's requested attorney rates fall within the average prevailing market rates within

19 the community.

20      31.    A summary chart of the NLJ survey from 2014 is attached hereto as **Exhibit 2**.

21      32.    Attached hereto as **Exhibit 3** is a true and correct copy of the 2014 Report on the

22 State of the Legal Market put out by The Center for the Study of the Legal Profession at the

23 Georgetown University Law Center and Thomson Reuters Peer Monitor (Peer Monitor Report).

24 The Peer Monitor report shows that "from the third quarter of 2010 through November 2013 . . .

25 firms increased their standard rates by 11 percent[,] from an average of $429 per hour to $476 per

26 hour." This average rate from 2014, *see id.*, supports my firm's current hourly rates.

27      33.    Courts have also recognized that my law firm's attorney's hourly rates are

28 reasonable. For example:

1    (a)    On July 4, 2021, the Marron Firm's hourly rates of $815 for Ronald A. Marron,

2  $575 for Kas Gallucci, $550 for Michael Houchin, $490 for Lilach Halperin, $440 for Elisa Pineda,

3  and $225 for paralegals and legal assistants were approved in the matter of *Randolph v.*

4  *Amazon.com LLC*, Case No. 37-2017-00011078-CU-OE-CTL in the California Superior Court for

5  the County of San Diego before the Honorable Keri Katz. *See* Dkt. No. 200 (declaration in support

6  of fee motion) & Dkt. No. 210 (Order Granting Final Approval).

7    (b)    On March 4, 2021, the Marron Firm's hourly rates of $815 for Ronald A. Marron,

8  $575 for Kas Gallucci, $550 for Michael Houchin, $490 for Lilach Halperin, $440 for Elisa Pineda,

9  and $215 for paralegals and legal assistants were approved in the matter of *Fox, et al. v. Iowa*

10 *Health System dba UnityPoint Health*, Case No. 3:18-cv-00327-jdp in the United States District

11 Court for the Western District of Wisconsin before the Honorable James D. Peterson (Dkt. No.

12 115 (Order Granting Final Approval) & Dkt. No. 98 (declaration in support of fee motion).

13    (c)    On November 25, 2020, the Marron Firm's hourly rates of $815 for Ronald A.

14 Marron, $575 for Kas Gallucci, $550 for Michael Houchin, $490 for Lilach Halperin, and $215

15 for paralegals and legal assistants were approved in the matter of *Daniel McSwain v. Axos Bank*,

16 Case No. 37-2019-00015784-CU-BC-CTL in the California Superior Court for the County of San

17 Diego before the Honorable Judge Joel Wohfiel (Dkt. No. 71 (declaration in support of fee motion)

18 & Dkt. No. 79 (Order Granting Final Approval)).

19    (d)    On November 19, 2020, the Marron Firm's hourly rates of $815 for Ronald A.

20 Marron, $615 for Alexis Wood, $575 for Kas Gallucci, $550 for Michael Houchin, $490 for Lilach

21 Halperin, $440 for Elisa Pineda, and $225 for paralegals and legal assistants were approved in the

22 matter of *Romero v. Securus Technologies, Inc.*, Case No. 3:16-cv-01283-JM-MDD in the United

23 States District Court for the Southern District of California before the Honorable Judge Jeffrey T.

24 Miller (Dkt. No. 181-2 (declaration in support of fee motion) & Dkt. No. 184 (Order Granting

25 Final Approval)).

26    (e)    On February 24, 2020, the Marron Firm's hourly rates of $785 for Ronald A.

27 Marron, $495 for Michael Houchin, $440 for Lilach Halperin, and $215 for paralegals and legal

28 assistants were approved in the matter of *Graves v. United Industries, Inc.*, Case No. :17-cv-06983-

1  CAS-SK in the United States District Court for the Central District of California before the

2  Honorable Christina A. Snyder (Dkt. No. 78-2 (declaration in support of fee motion) & Dkt. No.

3  87 (Order Granting Final Approval)).

4          (f)      On January 20, 2020, the Marron Firm's hourly rates of $785 for Ronald A. Marron,

5  $575 for Alexis Wood, $525 for Kas Gallucci, and $215 for paralegals and legal assistants were

6  approved in the matter of *Esparza v. Smartpay Leasing, Inc.*, Case No. 3:12-cv-03421-WHA in

7  the United States District Court for the Northern District of California before the Honorable

8  William H. Alsup (Dkt. No. 110).

9          (g)      On August 3, 2020, the Marron Firm's hourly rates of $815 for Ronald A. Marron,

10  $575 for Kas Gallucci, $550 for Michael Houchin, $490 for Lilach Halperin, and $215 for

11  paralegals and legal assistants were approved in the matter of *Hilsley v. Ocean Spray Cranberries,*

12  *Inc.*, Case No. 3:17-cv-02335-GPC-MDD in the United States District Court for the Southern

13  District of California before the Honorable Gonzalo P. Curiel (Dkt. No. 245-2 (declaration in

14  support of fee motion) & Dkt. No. 259 (Order Granting Final Approval)).

15          (h)      On October 11, 2019, the Marron Firm's hourly rates of $785 for Ronald A.

16  Marron, $575 for Alexis Wood, $525 for Kas Gallucci, and $215 for paralegals and law clerks

17  were submitted to the Court and approved in *Busch v. Bluestem Brands, Inc.*, No. 16-cv-0644

18  (WMW/HB), which received final approval, with costs and fees approved in full, on October 11,

19  2019. *See* Dkt. No. 106.

20          (i)      On October 7, 2019, the Marron Firm's hourly rates of $785 for Ronald Marron,

21  $495 for Michael Houchin, $440 for Lilach Halperin and other associate attorneys, and $215 for

22  paralegals were approved in the matter of *Woodard v. Labrada*, Case No. 5:16-cv-00189-JGB-SP

23  that is pending in the United States District Court for the Central District of California before the

24  Honorable Jesus G. Bernal. (Dkt. No. 295-2 (declaration in support of fee motion) & Dkt. No. 321

25  (final approval order)).

26          (j)      On September 12, 2019, the Honorable Jose E. Martinez of the Southern District

27  of Florida approved the following hourly rates (Ronald A. Marron at $785, Alexis Wood at $575

28

1    and Kas Gallucci at $525) in *Medina v. Enhanced Recovery Company, LLC*, No. 15-cv-14342

2    (S.D. Fla.).

3        (k)    On June 17, 2019, the Marron Firm's hourly rates of $785 for Ronald A. Marron,

4    $495 for Michael Houchin, $440 for Lilach Halperin and other associate attorneys, and $215 for

5    paralegals were approved in the matter of *Littlejohn v. Ferrara Candy Company*, Case No. 3:18-

6    cv-00658-AJB-WVG that was pending in the United States District Court for the Southern District

7    of California. (Dkt. No. 30-2 (declaration in support of fee motion) & Dkt. No. 47 (final approval

8    order)). During the final approval hearing, the Honorable Anthony J. Battaglia stated that the

9    Marron Firm's rates "appear to the Court to be typical for the community and counsel that are

10   handling a class action, consumer-type litigation, in particular, I find them fair, reasonable and will

11   approve those." (Dkt. No. 51 [June 14, 2019 Hr.'g Tr. at 11:3-9]).

12       (l)    On January 15, 2019, the Marron Firm's hourly rates of $785 for Ronald A. Marron

13   and $495 for Michael Houchin and other associate attorneys, and $350 for post-bar law clerks were

14   approved in the matter of *William Jackson, et al. v. Lang Pharma Nutrition, Inc.*, et al., Case No.

15   37-2017-00028196-CU-BC-CTL that was pending in the California Superior Court for the County

16   of San Diego. (Dkt. No. 86 (declaration in support of fee motion) & Dkt. No. 112 (final approval

17   order)). In his Final Approval Order, the Honorable Joel R. Wohlfeil stated that my firm had

18   "adequately represented the Class" and that the "value of the settlement is fair, represents a

19   reasonable compromise after five years of litigation, and is adequate for the Class." (Dkt. No. 112).

20       (m)    On October 19, 2018, the Honorable William T. Lawrence of the Southern District

21   of Indiana approved the following hourly rates (Ronald A. Marron at $745, Alexis Wood at $500,

22   and Kas Gallucci $475) in the case *Simms v. ExactTarget, LLC*, No. 1-14-cv-737-WTL-DKL (S.D.

23   Ind.).

24       (n)    On June 20, 2018, the Honorable Andrea R. Wood of the Northern District of

25   Illinois approved the following hourly rates (Ronald A. Marron at $745, Alexis Wood at $475,

26   Kas Gallucci at $450), in the case *Elaine Mason v. M3 Financial Services, Inc.*, No. 15-cv-4194

27   (N.D. Cal.).

28

Young v. Neurobrands, LLC, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1    (o)    On August 14, 2018, the Marron Firm's hourly rates of $785 for Ronald A. Marron,

2    $495 for Michael Houchin and other associate attorneys, and $245 for law clerks were approved

3    in *Mollicone v. Universal Handicraft, Inc.*, Case No. 1:17-cv-21468-RNS (S.D. Fla.) (Dkt. No.

4    122-1 (declaration in support of fee motion) & Dkt. No. 134 (Final Approval Order)). In his Final

5    Approval Order, the Honorable Robert N. Scola, Jr. awarded 31.9% of the total Settlement Fund

6    and stated that "[t]he requested percentage from the Settlement Fund is reasonable, considering

7    the results obtained, the nature of the case, and Class Counsel's significant work in this case and

8    experience in litigating class actions." (Dkt. No. 134).

9    (p)    On May 4, 2018, the Marron Firm's hourly rates of $745 for Ronald A. Marron,

10   $440 for Michael Houchin and other associate attorneys, and $245 for law clerks were approved

11   in *In re Tommie Copper Products Consumer Litigation*, Case No. 7:15-cv-03183-AT (S.D. N.Y.)

12   (Dkt. No. 127 (declaration in support of fee motion) & Dkt. No. 129 (Final Approval Order)). In

13   her Final Approval Order, the Honorable Analisa Torres found that the settlement was "entered

14   into by experienced counsel and only after extensive, arms-length negotiations conducted in good

15   faith and with the assistance" of a mediator. (Dkt. No. 129).

16   (q)    On March 26, 2018, the Honorable Marilyn Huff of the Southern District of

17   California approved the following hourly rates (Ronald A. Marron at $745, Alexis Wood at $500,

18   Kas Gallucci at $475, Skye Resendes at $475, law clerks at $240 and paralegals at $215), in the

19   case *Gutierrez-Rodrigues v. R.M. Galicia, Inc.*, No 16-CV-0182-H-BLM.

20   (r)    On October 31, 2017, the Honorable Thomas R. Allen of the Circuit Court of Cook

21   County, Illinois, approved the following hourly rates (Ronald Marron at $745, Alexis Wood at

22   $500, Skye Resendes at $475, Kas Gallucci at $450, William Richards at $440, Beth Goodman at

23   $440, Erin Minelli at $440, law clerks at $245, and legal assistants/paralegals at $215), in the case

24   of *Thornton v. NCO Financial Systems, Inc.*, Case No. 16 CH 5780.

25   (s)    On September 5, 2017, The Marron Firm's hourly rates of $745 for Ronald A.

26   Marron, $440 for Michael Houchin and other associate attorneys, and $245 for law clerks were

27   also approved in a class action captioned *Elkind et al. v. Revlon Consumer Products Corporation*,

28   Case No. 2:14-cv-02484-AKT (E.D. N.Y) (Dkt. No. 125-2 (Declaration is Support of Fee Motion)

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1    & Dkt. No. 131 (Final Approval Order)). In her Final Approval Order dated September 5, 2017,

2    the Honorable Judge Tomlinson stated that the settlement was "negotiated by highly capable and

3    experienced counsel with full knowledge of the facts, the law and the risks inherent in litigating

4    the Action and was the product of vigorously fought litigation." (Dkt. No. 131).

5          (t)    On November 16, 2015, the Honorable Maxine M. Chesney, Senior District Court

6    Judge for the Northern District of California, approved the following hourly rates (Ronald Marron

7    at $745, Alexis Wood at $475, Skye Resendes at $475, Kas Gallucci at $450, William Richards at

8    $440, Marshall Lurtz at $440, Erin Minelli at $440, law clerks at $245, and legal

9    assistants/paralegals at $215), in the case of *Johnson v. Triple Leaf, Inc.*, Case No. 3:14-cv-01570-

10   MMC. The Court found that the fee requested was "reasonable when judged by the standards in

11   this circuit," and also that my firm's attorney, law clerk and staff rates were "reasonable in light

12   of the complexity of this litigation, the work performed, Class Counsel's reputation, experience,

13   competence, and the prevailing billing rates for comparably complex work by comparably-

14   qualified counsel in the relevant market." Dkt. 65.

15         (u)    On August 6, 2015, the Honorable Kenneth R. Freeman of the Superior Court of

16   California, County of Los Angeles, approved the following hourly rates for Class Counsel: Ronald

17   Marron at $745, Skye Resendes at $475, Alexis Wood at $475, Kas Gallucci at $450, William

18   Richards at $440, Marshall Lurtz at $440, Erin Minelli at $440, and law clerks at $290 in the case

19   of *Perry v. Truong Giang Corp.*, No. BC58568.

20         (v)    On August 7, 2015, the Honorable Brendan Linehan Shannon of the United States

21   Bankruptcy Court for the District of Delaware approved the following hourly rates for Class

22   Counsel: Ronald Marron at $745, Skye Resendes at $475, Alexis Wood at $475, Kas Gallucci at

23   $450, William Richards at $440, Marshall Lurtz at $440, Beth Goodman at $440, Erin Minelli at

24   $440, and law clerks at $290 in the case of *In re: LEAF123, INC*. (f/k/a NATROL, INC.), et al.,

25   No. 14-11446 (BLS).

26         (w)    On July 29, 2014, the Honorable Richard Seeborg of the Northern District of

27   California approved the following hourly rates for Class Counsel: Ronald Marron at $715, Skye

28

-12-

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1    Resendes at $440, Kas Gallucci at $400, and law clerks at $290 in the case of *In re Quaker Oats*

2    *Litig.*, No. 5:10-cv-00502-RS (N.D. Cal.), Dkt. No. 221.

3            (x)      On March 13, 2014, the Honorable Gonzalo P. Curiel of the Southern District of

4    California approved my hourly rate of $715 per hour; Ms. Resendes' rate of $440 per hour; Ms.

5    Wood's rate of $425 per hour; Ms. Minelli and Ms. Gallucci's rates of $400 per hour; Ms. Danielle

6    Eisner's post-Bar law clerk rate of $290 per hour; and $215 per hour for legal assistants in *Mason*

7    *v. Heel, Inc.*, No. 3:12-cv-3056-GPC-KSC, 2014 WL 1664271 (S.D. Cal. Mar. 13, 2014).

8            (y)      On October 31, 2013, the Honorable Michael M. Anello of the Southern District of

9    California awarded me fees of $680 per hour, Ms. Resendes fees of $400 per hour, Ms. Wood fees

10   of $385 per hour, Ms. Minelli fees of $385 per hour, and Ms. Gallucci fees of $385 per hour in a

11   homeopathic drug consumer class action case; and also approved $280 per hour for patent

12   agent/post-Bar law clerk Danielle Eisner; $245 per hour for regular law clerks; and $215 hourly

13   rates for support staff such as paralegals. See also *Nigh v. Humphreys Pharmacal Incorporated,*

14   3:12-cv-02714-MMA-DHB, 2013 WL 5995382 (S.D. Cal. Oct. 23, 2013).

15           (z)      On March 13, 2013, the Honorable David O. Carter of the Central District of

16   California awarded me fees of $680 per hour, Ms. Resendes fees of $400 per hour, and former

17   associate, Maggie Realin, fees of $375 per hour in a dietary supplement consumer fraud class

18   action case; and also approved $245 per hour for law clerks and $215 hourly rates for support staff

19   such as paralegals. *Bruno v. Quten Research Inst., LLC,* No. 8:11-cv-00173-DOC-E, 2013 WL

20   990495, at *4-5 (C.D. Cal. Mar. 13, 2013) ("Class Counsel, . . . the Law Offices of Ronald A.

21   Marron displayed competence and diligence in the prosecution of this action, and their requested

22   rates are approved as fair and reasonable."); *see also id*. at *4 ("The Court notes that, in addition

23   to the monetary relief obtained by Class Counsel for class plaintiffs, there is a high value to the

24   injunctive relief obtained in this case. New labeling practices affecting hundreds of thousands of

25   bottles per year, over ten years, bring a benefit to class consumers, the marketplace, and

26   competitors who do not mislabel their products.").

27           (aa)     On October 31, 2012, the Honorable John A. Houston of the Southern District of

28   California awarded me fees of $650 per hour and Ms. Resendes fees of $385 per hour in a

-13-

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1  homeopathic drug consumer fraud class action case. *Gallucci,* 2012 WL 5359485, at *9 (S.D. Cal.

2  Oct. 31, 2012) ("The Court finds the [foregoing] hourly billing rates reasonable in light of the

3  complexity of this litigation, the work performed, Class Counsels' reputation, experience,

4  competence, and the prevailing billing rates for comparably complex work by comparably-

5  qualified counsel in the relevant market.").

6        (bb)    On August 21, 2012, the Honorable Thomas J. Whelan awarded me fees of $650

7  per hour, Ms. Resendes at $385 per hour and Ms. Realin at $375 per hour, in the consumer dietary

8  supplement class action of *Burton v. Ganeden,* No. 11-cv-1471 W (NLS), Dkt. Nos. 52, 48, 45.

9        (cc)    On July 9, 2012, the Honorable Marilyn L. Huff awarded me fees of $650 per hour,

10  and approved the rates of my associate attorneys, Ms. Resendes at $385 per hour, and former

11  associate, Maggie Realin, at $375 per hour in the consumer food class action of *In re Fererro,*

12  Case No. 3:11-cv-00205 H (KSC) (S.D. Cal.), Dkt. No. 127. Judge Huff noted that the fees

13  requested were "appropriate given the contingent nature of the case and the excellent results

14  obtained for the Class, and because no enhancement or multiplier was sought above the actual

15  amount of Class Counsel's lodestar. The Court concludes the billing rates used by Class Counsel

16  to be justified by prior awards in similar litigation and the evidence presented with their motion

17  showing these rates are in line with prevailing rates in this District."

18        34.    Plaintiffs Renee Young and Joycette Goodwin devoted extensive time to the

19  successful prosecution of this case and serving as Class Representatives on behalf of the Class.

20  Plaintiffs provided substantial assistance that enabled Class Counsel to successfully prosecute the

21  action including reviewing material filings; attending deposition; responding to discovery;

22  continuous communications with Class Counsel throughout the litigation, including being on

23  stand-by during mediation; reviewing and approving the Settlement Agreement; and being

24  committed to secure substantive relief on behalf of the Class. Plaintiffs were also prepared to be

25  available for trial, if necessary. In so doing, Plaintiffs were integral to forming the theory of the

26  case and litigating it through settlement.

27        35.    In my opinion, Plaintiffs Renee Young and Joycette Goodwin's requests for

28  incentive awards in the amount of $5,000.00 each are sufficient when taking into account the time,

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS

1   effort, and risk the Plaintiffs contributed to vindicate the rights of the Class. Accordingly, the Court

2   should award Plaintiffs Renee Young and Joycette Goodwin $5,000.00 each as incentive awards

3   consistent with the terms of the Settlement Agreement. *See* Agreement at § 8.1.

4          36.    The amount of Class Counsel's requested attorneys' fees, costs, and incentive

5   awards were posted on the Settlement website and in the short and long form notices to the Class.

6   To date, there have been no objections to the Settlement or the amount of requested fees, costs, or

7   awards. Plaintiffs' fee motion will be uploaded to the settlement website upon its filing with the

8   Court so that class members are afforded an adequate opportunity to object to the fee motion if

9   they choose to do so.

10          37.    Social media and print notice was published on July 16, 2021 in accordance with

11   the Settlement Agreement. To date, there have been no objections to the Settlement, which

12   demonstrates a positive response to the Settlement. CAFA notice was also sent on May 27, 2021.

13   *See* Dkt. No. 89. Class Counsel has not received any inquiries from any federal or state official in

14   response to the CAFA Notice.

15

16         I declare under penalty of perjury under the laws of the United States that the foregoing is

17   true and correct.

18         Executed on this 4th day of August 2021 in San Diego, California.

19

20                          */s/ Ronald A. Marron*
                       Ronald A. Marron

21                          **Attorney for Plaintiffs and the Class**

22

23

24

25

26

27

28

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS, AND INCENTIVE AWARDS