1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  RENEE YOUNG and JOYCETTE GOODWIN, individually and on behalf of all others similarly situated,<br>11<br>12                    Plaintiffs,<br>13<br>         v.<br>14<br>15  NEUROBRANDS, LLC, a Delaware limited liability company;<br>16<br>17                    Defendant. | Case No. 4:18-cv-05907-JSW<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS |

18
19
20
21
22
23
24
25
26
27
28

Before the Court is a Motion for Attorneys' Fees, Costs, and Incentive Awards ("Fee Motion") filed by Plaintiffs Renee Young and Joycette Goodwin ("Plaintiffs"). Plaintiffs' Fee Motion is submitted in connection with their class action settlement with Defendant Neurobrands, LLC ("Defendant" or "Neurobrands"). On June 17, 2021, this Court granted preliminary approval of the class action settlement. *See* Dkt. No. 90.

Having reviewed and considered Plaintiffs' Fee Motion and the supporting materials filed by Class Counsel, the Court hereby **GRANTS** Plaintiffs' Fee Motion. Accordingly, the Court orders as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(h), the Court orders that Class Counsel is entitled to reasonable attorneys' fees incurred in connection with the action in the amount of $715,857.80, to be paid at the time and in the matter provided in the Settlement Agreement. Dkt. No. 88-3. The fee award sought in the present case is reasonable when judged by the standards of this circuit. *See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Class Counsel's fee request is also reasonable under the lodestar method. Class Counsel's total lodestar in this action equals $646,223.00. Accordingly, the $715,857.80 fee award results in a positive multiplier of 1.11. *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4, even higher."); *Littlejohn v. Copland*, 819 F. App'x 491, 493 (9th Cir. 2020) (affirming multiplier of 1.489 in injunctive relief settlement where defendant was required to remove a "no artificial flavors" labeling claim from the products). Moreover, the fee award is justified based on the excellent results obtained, the experience and skill of Counsel, the complexity of issues, the risk of non-payment, and the preclusion of other work.

2. Based on the declaration submitted by Class Counsel in support of the Fee Motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-reimbursed) in the amount of $34,142.20. Accordingly, the Court further awards Class Counsel $34,142.20 in litigation costs, to be paid at the time and manner provided in the Settlement Agreement.

1

*Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW
[Proposed] Order Granting Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards

3. The Court finds that the Class Representatives in this action have actively participated in and assisted Class Counsel with this litigation for the substantial benefit of the Class. Each of the Class Representatives have reviewed material filings; responded to written discovery; prepared for and attended deposition; have had continuous communications with Class Counsel throughout the litigation; have reviewed and approved the Settlement Agreement; and were committed to securing substantive relief on behalf of the Class. The Court further finds that the requested incentive awards are presumptively reasonable are in line with Ninth Circuit authority. *See Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *36 (N.D. Cal. Apr. 1, 2011) ("there is ample case law finding $5,000 to be a reasonable amount for an incentive payment."); *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 942-43 (9th Cir. Feb. 27, 2015) (approving award of $5,000 to each of nine class representatives). Accordingly, the Court awards incentive payments as follows: $5,000 incentive payment to Plaintiff Renee Young and $5,000 incentive payment to Plaintiff Joycette Goodwin. The Court finds that the incentive payments to Plaintiffs Renee Young and Joycette Goodwin are reasonable in light of the fact they sat for deposition, incurred additional time and expense preparing for and appearing at the deposition, and incurred additional time responding to discovery.

**IT IS SO ORDERED.**

DATED October 8, 2021

*(signature: Jeffrey S. White)*

HON. JEFFREY S. WHITE
United States District Judge